## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09CV11-MU-02

```
RICCARDO DARNELL JONES,    )
        Plaintiff,         )
                           )
        v.                 )
                           )
CITY OF CHARLOTTE; and     )
JUDICIAL DISTRICT 26,      )
        Defendants.        )
_____)
```

**THIS MATTER** comes before the Court on initial review of Plaintiff's purported civil rights Complaint under 42 U.S.C. §1983 (document # 1) and his Motion for Appointment of Counsel (document # 2), both filed January 9, 2009. For the reasons stated herein, Plaintiff's Complaint must be summarily <u>dismissed</u>.

Plaintiff is no stranger to the federal courts within the State of North Carolina as he has filed several law suits with those tribunals. That is, a review of pertinent Court documents reflects that on March 21, 2006, Plaintiff filed a civil rights law suit against the State of North Carolina and the 28th Judicial District (Buncombe County), docketed as case number 1:06CV-96. However, by Order filed March 30, 2006, that case was dismissed for Plaintiff's failure to state a claim for relief. During the brief time that the foregoing case was pending, on March 28, 2006, Plaintiff also filed another civil rights law suit against certain Buncombe County Court employees, docketed as case number 1:06CV99. On March 30, 2006, that case also was

dismissed for Plaintiff's failure to state a claim for relief. On August 11, 2008, Plaintiff filed a civil rights action against certain correctional officers at his prison. On August 13, 2008, that Complaint was dismissed as frivolous.

In addition, such records reflect that on March 18, 1996, Plaintiff filed a civil rights Complaint against the Cabarrus Correctional Center and the North Carolina Department of Corrections in the Middle District of North Carolina under case number 4:96CV252. Like the above-noted actions, this case also was dismissed as frivolous on June 13, 1996.

Undaunted, Plaintiff has again returned to this Court with the instant civil rights action, but he has failed to pay the required $350.00 filing fee. However, this Court has determined that Plaintiff is not entitled to proceed as a pauper with this action because he previously has had at least three of his actions dismissed for frivolity and/or his failure to state a claim for relief therein.

Indeed, 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted, unless the prisoner is under imminent danger of serious  physical injury."  Here, even when the Court sets aside the fact that Plaintiff's action sounds in <u>habeas</u> and is prohibited by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), his action still cannot survive because of his failure to assert or even to suggest that he is in imminent danger of physical injury.  Therefore, this action will be <u>dismissed</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Complaint is **DISMISSED** without prejudice to Plaintiff's right to pay the filing fee and re-file this action.  <u>See</u> 28 U.S.C. §1915(g).

**SO ORDERED.**

Signed: March 9, 2009

Graham C. Mullen
United States District Judge